UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MOYA BRYANT and MARY SIMMS, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:09-cv-171-SEB-WGH |
| vs. | ) ) | |
| PAUL BAILEY, et al., | ) ) | |
| Defendants. | | |

**ORDER DISMISSING PLAINTIFFS' COMPLAINT IN PART AND DENYING AS MOOT PLAINTIFFS' MOTION TO CERTIFY CLASS**

This cause is before the Court on the Motion to Certify Class [Docket No. 22], filed by Plaintiffs on July 8, 2010. For the reasons detailed in this entry, we <u>DISMISS</u> the named Plaintiffs' claim for prospective injunctive relief against the Indiana Department of Correction and thus <u>DENY</u> Plaintiffs' Motion is <u>AS MOOT</u>. This decision has no effect on Plaintiffs' claims for damages.

**Factual Background**

Defendant, Indiana Department of Correction ("IDOC"), is a state agency which operates Indiana's correctional facilities. One of the facilities managed by IDOC and located in Indianapolis, Indiana is the Indiana Women's Prison ("IWP"), which houses women detainees. The named plaintiffs, Moya Bryant and Mary Simms, are both offenders who are confined at IWP. They allege that, during their confinement, they were

each temporarily placed in the Segregation Unit at IWP, during which time Defendant Paul Bailey was a correctional officer assigned to work that unit.

Plaintiffs claim that, although IWP's official policy was that a female guard was required to be present in the Segregation Unit at all times, the policy was violated on numerous occasions. Plaintiffs allege that on some of those occasions, when a female guard allegedly was not present, Bailey engaged in inappropriate sexual conduct with the named Plaintiffs. Specifically, Plaintiffs allege that Bailey observed as both named Plaintiffs used the toilet and took showers. Plaintiff Bryant alleges that Bailey required her to perform sex acts in exchange for food and privileges, and Plaintiff Simms alleges that Bailey made inappropriate sexual remarks and touched her in a sexual manner. Plaintiffs do not allege in their complaint that any other IWP employee engaged in similar behavior or that Bailey acted in the same manner toward any other offenders.[1]

Although Plaintiffs seek money damages against Defendant Bailey personally in this lawsuit, Plaintiffs' complaint against Defendant IDOC seeks only prospective injunctive relief. Specifically, Plaintiffs seek a permanent injunction against IDOC requiring "the [Indiana Women's] Prison to have a system in place that insures (sic) that the policy that male guards cannot be in the Segregation Unit without a female guard present is actually followed at all times." Compl. ¶ 26. Plaintiffs' proposed class definition for this injunctive relief claim states as follows: "All inmates held in the

---

[1] Bailey's employment with IDOC has been terminated and criminal charges are currently pending against Bailey in connection with this alleged conduct.

Segregation Unit of the Indiana Women's Prison from the date of filing of this Complaint forward." Compl. ¶ 8.

## Legal Analysis

As previously noted, Plaintiffs seek to have the Court certify a class consisting of: "All inmates held in the Segregation Unit at the Indiana Women's Prison from the date of filing of this Complaint forward." Compl. ¶ 8. Defendants contend that this definition does not properly identify a class and that Plaintiffs have otherwise failed to satisfy the requirements of Federal Rules of Civil Procedure 23(a) or 23(b). We need not consider in depth the parties' class certification arguments, however, since Plaintiffs clearly have failed to allege an actual case or controversy pursuant to Article III of the Constitution. For the reasons outlined below, we find that the Court lacks subject-matter jurisdiction over Plaintiffs' request for permanent injunctive relief and, thus, their claim for such against IDOC shall be dismissed. See Fed. R. Civ. P. 12(h)(3).

The United States Supreme Court instructs that to properly invoke Article III jurisdiction plaintiffs seeking injunctive relief must show an immediate danger of sustaining some direct injury. See generally City of Los Angeles v. Lyons, 461 U.S. 95 (1983). As the Lyons decision explains, "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Id. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). In Lyons, the plaintiff alleged that a Los Angeles police officer had wrongfully applied a chokehold on him rendering him unconscious and damaging his

larynx. The plaintiff sought injunctive relief against the use of such police-applied chokeholds, absent the threat of deadly force. The Court held that, although the plaintiff may have been able to maintain a case for damages against the defendants –

> [T]o establish an actual controversy in this case, Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either (1) that all police officers in Los Angeles always choke any citizen with whom they happen to have an encounter, whether for the purpose of arrest, issuing a citation, or for questioning, or (2) that the City ordered or authorized police officers to act in such manner.

Id. at 105-106.

In Robinson v. City of Chicago, the Seventh Circuit applied the Lyons decision in the class action context, holding that a class should not be certified unless the named plaintiff had standing at the time the case was filed. 868 F.2d 959, 968 (7th Cir. 1989). In Robinson, the Seventh Circuit considered two consolidated appeals of judgments entered in favor of two named plaintiffs, both of whom sought equitable relief against the city for allegedly unconstitutional detainment policies. Robinson v. City of Chicago, 638 F. Supp. 186 (N.D. Ill. 1986); Doulin v. Chicago, 662 F. Supp. 318 (N.D. Ill. 1987). The district courts in both cases had granted class certification and plaintiffs had been awarded final judgments. The Seventh Circuit ruled that neither of the named plaintiffs had standing to seek equitable relief on behalf of himself or on behalf of the class each purported to represent. 868 F.2d at 968. The Court explained that, despite the allegation that the City had a written policy of authorizing the challenged detainment policies, neither plaintiff could truthfully allege that there was a reasonable likelihood either would

ever again encounter the police in such a context. Id. at 966. With regard to the issue of class certification in those cases, the Court explained that "a representative's claim must at least be live when he files the case . . . ." Id. at 968. "To permit the certification of a class headed by a 'representative' who did not have a live controversy with the defendant on the day the suit began would be to jettison the last vestiges of the case-or-controversy requirement in class actions." Id. (quoting Holmes v. Fisher, 854 F.2d 229, 233 (7th Cir. 1988)).

Here, no evidence of any plan or policy exists to the effect that Defendant will *not* follow its stated policy of having a female guard present in the female Segregation Unit. Furthermore, Plaintiffs have entirely failed to proffer any evidence, or even argument, that Defendant is unlikely to follow its policy in the future. Plaintiffs' only assertion regarding the policy is that it had been "violated on numerous occasions." Compl. ¶ 16. But, as noted above, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 105-106. Therefore, Plaintiffs lack standing to bring an action for injunctive relief. In addition, their class certification motion, which is based entirely upon arguments related to the request for injunctive relief, must also be denied as moot.

## Conclusion

We find that Plaintiffs Bryant and Simms lacked standing to pursue their claim for

injunctive relief against Defendant IDOC, requiring dismissal of that portion of the Complaint. Plaintiffs' Motion to Certify Class is also denied as moot. This decision, however, has no effect on Plaintiffs' remaining claims for monetary damages.

    IT IS SO ORDERED.

Date:_____03/14/2011_____

                                                  SARAH EVANS BARKER, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Copies to:

Scott Leroy Barnhart
INDIANA OFFICE OF THE ATTORNEY GENERAL
scott.barnhart@atg.in.gov

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Bruce Alan Brightwell
bruce@brightwell-law.com